UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Nelson MARTINEZ-Odelon,**<br><br>Defendant | Magistrate Docket No. 08 MJ 0414<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **February 11, 2008** within the Southern District of California, defendant, **Nelson MARTINEZ-Odelon,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **13th** DAY OF **FEBRUARY 2008**

Anthony J. Battaglia
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Nelson MARTINEZ-Odelon

## PROBABLE CAUSE STATEMENT

On February 11, 2008 at approximately 7:15 P.M., Border Patrol Agent J. Bernal was performing linewatch operations in the Imperial Beach Border Patrol Station's area of operations. While on patrol Agent Bernal heard movement through the dense brush in an area known as the 90's. This area is six miles west of the San Ysidro Port of Entry and one mile north of the United States/Mexico International Boundary Fence. Agent Bernal went to investigate and encountered two individuals. Agent Bernal approached the two individuals and identified himself as a United States Border Patrol Agent and proceeded to conduct an immigration inspection. Both individuals, including one later identified as the defendant **Nelson MARTINEZ-Odelon**, admitted to being citizens and nationals of Mexico without any immigration documents that would allow them to enter or remain in the United States legally. Agent Bernal placed both individuals under arrest and transported them to the Imperial Beach Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **June 14, 2007** through **San Ysidro, California.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

On February 12, 2008, Border Patrol Agent I. Solorzano advised MARTINEZ of his Miranda Rights. MARTINEZ stated that understood and was willing to answer questions without the presence of an attorney. MARTINEZ stated he illegally crossed the United States/Mexico International Boundary through the beach near San Ysidro, California. When again asked if he had any immigration documents in his possession that would allow him to legally enter into or remain in the United States, he said "no." The defendant stated his intended destination was San Diego, California.